IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATT SEBASTIAN ROGERS,  )<br>          Petitioner,       )<br>vs.                                         )<br>                                               )<br>JOHN GUSSIO,                      )<br>          Respondent.            )<br>                                               ) | No. 3:19-CV-2818-E(BH)<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is a letter motion, received on November 18, 2019 (doc. 3). Based on the relevant findings and applicable law, the filing should be liberally construed as a petition for writ of mandamus and **DISMISSED with prejudice** as frivolous.

### I. BACKGROUND

On June 24, 1999, Matt Sebastian Rogers (Petitioner) was convicted of second-degree sexual assault in Cause No. F-9630571-MJ in Dallas County, Texas; he was sentenced to 10 years' imprisonment and ordered to pay a $4,000 fine. *See* http://courtecom.dallascounty.org/public access/ (last visited Jan. 29, 2020). The judgment was affirmed on May 30, 2001. *See Rogers v. State*, No. 05-99-01130-CR (Tex. App. May 30, 2001); s*ee also* http://search.txcourts.gov (last visited Jan. 29, 2020). The Texas Court of Criminal Appeals refused his petition for discretionary review on November 28, 2001. *See* http://search.txcourts.gov (last visited Jan. 29, 2020). His federal petition for writ of habeas corpus under 28 U.S.C. § 2254 was voluntarily dismissed. *See Rogers v. Cockrell*, 3:02-CV-105-H (N.D. Tex. Sept. 18, 2002).

Petitioner claims that he was forced to overdose on illegal drugs for 30 days and then told

---

[1] By *Special Order 3-251*, this prisoner case has been referred for findings, conclusions, and recommendation.

to give a false confession, and that he suffers from several mental disorders. (*See* doc. 3 at 2.)[2] The trial judge allegedly ordered the jury to find him guilty by telling the jurors that they only had one choice, i.e., guilty, and that this resulted in an innocent mental patient being sent to prison. (*See id.*) He seeks to have the prosecutor ordered to tell the appellate court the truth so that his "fabricated" conviction may be overturned. (*See id.* at 1-2.)

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Petitioner's petition is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, one must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

---

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

### III.  MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  The required elements for a petition for writ of mandamus are: "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."  *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

Here, Petitioner seeks an order directing the state prosecutor in his criminal case to tell the appellate court the truth about his case.  (*See* doc. 3 at 1.)  Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Max-George v. Honorable Justices of Court of Criminal Appeals of Texas*, 788 F. App'x 274, 274-75 (5th Cir. 2019) ("The federal courts' mandamus authority does not extend to directing state officials in the performance of their duties and functions.") (citing *Moye*, 474 F.2d at 1275-76).  This Court is therefore without power to order the state prosecutor to take any action in the performance of his professional duties, and Petitioner's request for mandamus relief of a state official is subject to dismissal as frivolous.  *See Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (per curiam) (affirming dismissal of a petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties).

## IV. RECOMMENDATION

This petition for writ of mandamus should be **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A(b).

**SIGNED on this 31st day of March, 2020.**

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                              IRMA CARRILLO RAMIREZ
                                              UNITED STATES MAGISTRATE JUDGE